UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1360(DSD/JMM)

James Terrell, as Trustee for the heirs and next-of-kin of Talena Terrell, deceased; Jordan E. Terrell, individually and on behalf of minors Kyle Kvistberg and Kaila Kvistberg; Tay Kvistberg, individually and on behalf of minors Kyle Kvistberg and Kaila Kvistberg; Amos Kvistberg, individually; Donald Gibbons, individually; Rebecca Gibbons, individually; Gary Kvistberg, individually; and Lorraine P. (Kvistberg) Anderson, individually,

Plaintiffs,

v. **ORDER**

Anoka County Sheriff's Deputy Brek Andrew Larson, Anoka County Sheriff's Deputy Shawn Aaron Longen, Anoka County Sheriff Larry Podany, County of Anoka, John Does 1-5,

Defendants.

Paul Applebaum, Esq., 1030 Minnesota Building, 46 East 4th Street, St. Paul, MN 55101, counsel for plaintiff.

James T. Martin, Esq., and Gislason, Martin & Varpness, P.A., 7600 Parklawn Avenue, Suite 444, Edina, MN 55435, counsel for defendants.

This matter is before the court on the motion of defendants for dismissal, and alternatively, for summary judgment. Based on

FILED 6-19-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

a review of the file, record, and proceedings herein, and for the reasons stated, the court denies the motion for dismissal, denies the motion for summary judgment with regard to defendants Deputy Brek Andrew Larson and Deputy Shawn Aaron Longen, and grants the motion for summary judgment with regard to defendants Sheriff Larry Podany and the County of Anoka.

**BACKGROUND**

On December 29, 2000, a car driven by Talena Terrell ("Terrell") and another vehicle driven by Anoka County Sheriff's Deputy Brek Andrew Larson ("Larson") collided in Anoka County. Anoka County Sheriff's Deputy Shawn Aaron Longen ("Longen") was a passenger in Larson's vehicle. Terrell died as a result of injuries sustained in this accident.

At the time of the accident, Larson and Longen were responding to a call involving a domestic disturbance. While in response to this call, Larson and Longen were advised that at least one other squad was responding to the call. Plaintiffs allege that Larson was cancelled with regard to this call by dispatch and by another officer closer to the location of the dispute, though not by any supervisor. For whatever reason, Larson and Longen continued their response to the call.

While traveling on Highway 65 in response to this domestic disturbance, Larson had his emergency lights on and his siren

activated. Larson drove at a high rate of speed, sometimes in excess of 90 miles per hour. When approaching the intersection of Highway 65 and Crosstown Boulevard, seeing the yellow flashing lights indicating that the light at the intersection was about to change to red, Larson slowed down and checked for other traffic in the area. Having determined that it was safe to proceed through the intersection against the red light, Larson then sped up to 60-64 miles per hour before crossing the intersection. Unbeknownst to Larson, Terrell's vehicle had entered the intersection traveling in a westbound direction on Crosstown Boulevard. Larson's vehicle then collided with Terrell's at a high rate of speed.

Plaintiffs filed suit against the multiple defendants, alleging a violation of Talena Terrell's civil rights based on 42 U.S.C. § 1983. Defendants have moved for dismissal, or in the alternative, summary judgment.

**DISCUSSION**

**I. Motion to Dismiss**

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper when the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court takes all facts alleged in plaintiff's complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Further, the court must construe the allegations in the

complaint, as well as reasonable inferences arising from the complaint, in the light most favorable to the plaintiff. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The court will dismiss a complaint only when it appears the plaintiff cannot prove any set of facts that support the claim. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(citations omitted). In other words, a motion to dismiss should be granted "'as a practical matter ... only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Frey, 44 F.3d at 671 (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). After carefully reviewing the pleadings, the court finds that dismissal is not appropriate in this case.[1]

**II. Motion for Summary Judgment**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c). The moving party bears the burden of demonstrating to the court that no genuine issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material only when

[1] Moreover, since the court has examined documents outside the pleadings, at this point a Rule 12 dismissal is inappropriate. See Fed. R. Civ. P. 12(b)(6); Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999).

its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in the light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. See id. at 322-23. With this standard at hand, the court considers the defendant's motion for summary judgment.

**A. Deputies Larson and Longen**

In County of Sacramento v. Lewis, the Supreme Court noted that the better way to handle § 1983 cases is to address first whether a Constitutional violation has occurred and then whether any official immunity applies. 523 U.S. 833, 841 n. 5 (1998). A violation of substantive due process under 42 U.S.C. § 1983 requires conduct that "shocks the conscience." See Rochin v. California, 342 U.S. 165, 172-73 (1952). It has been held that, in suspect pursuit cases, conduct that "shocks the conscience" cannot

be found without a specific purpose to cause harm to the subsequent victim of the violation. Lewis, 523 U.S. at 854. The Court noted in its ruling that the normally applicable deliberate indifference standard should only be applied in situations where deliberation is practical. Id. at 851. Because of the call for fast action and the "obligations that tug against one another" in the situation of a suspect pursuit, the standard for imposing liability was determined by the Court to be higher than deliberate indifference. Id. at 853. The Eighth Circuit, relying on the decision in Lewis, has held that the purpose-to-harm standard applies to "*all* high-speed police pursuits aimed at apprehending suspected offenders." Helseth v. Burch, 258 F.3d 867, 871 (8th Cir. 2001)(en banc).

Plaintiffs contend that the decisions in Lewis and Helseth do not bind the decision in this case because Larson and Longen were not in pursuit of a suspect. Furthermore, plaintiffs claim that the officers were on a voluntary response to an incident despite one or more cancellations, and that the purpose-to-harm standard announced in Lewis therefore does not apply to the case at hand. In the court's view, the status of Larson and Longen's response to the domestic disturbance call is important because it determines whether they had time to deliberate. Whether the officers had time to deliberate in turn determines the standard of culpability that should be applied to their conduct. The court concludes that a genuine issue of fact exists as to whether the call Larson and

Longen were responding to was an emergency situation comparable to a suspect pursuit.

Defendants Larson and Longen have also contended that they are entitled to qualified immunity in this case. This determination depends on whether the task they were engaged in on December 29, 2000, was discretionary or ministerial, and whether the right allegedly violated was clearly established at the time. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The type of task the officers were engaged in depends largely on whether the situation was reasonably regarded as an emergency. Since the court believes that the latter is a question of fact best determined at trial, summary judgment is inappropriate.

**B. Sheriff Podany and County of Anoka**

Mere negligence on the part of a state official does not constitute a claim under § 1983. Myers v. Morris, 810 F.2d 1437, 1468 (8th Cir. 1987). To be held liable the official must have acted with "deliberate indifference" to the subsequent victim's protected rights. Board of County Comm'rs of Bryan County, Okla. V. Brown, 520 U.S. 397, 407 (1997). Only where a reasonable official would have been aware that a probable consequence of his action would be the deprivation of a third party's federally protected rights can the official's action constitute the necessary "deliberate indifference." Id. at 410-11.

Sheriff Podany had no specific involvement in the incidents of December 29, 2000. Further, no evidence of deliberate ignorance with regard to the Sheriff's training practices has been offered or made known to the court. No issue of fact remains as to whether Sheriff Podany's action constituted a violation of 42 U.S.C. § 1983.

A municipality may not be held liable under § 1983 simply because it employs a tortfeasor. Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978). Deliberate action attributable to the municipality must be found before the municipality can properly be held liable. Brown, 520 U.S. at 415. Specifically, a municipality cannot be held liable unless the municipality has a policy or custom that was the moving force behind a violation of a third party's protected rights. City of Oklahoma v. Tuttle, 471 U.S. 808, 818 (1985); Polk County v. Dodson, 454 U.S. 312, 326 (1981).

No evidence of any Anoka County policy or custom that supports violations of substantive due process has been presented or made known to the court. On a motion for summary judgment, the nonmoving party may not rest on mere allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). No genuine issue of material fact remains with regard to the claims against Anoka County.

Finding no genuine issue of fact with regard to the claims against Sheriff Podany and Anoka County, the court finds that no reasonable jury could find against these parties. A grant of summary judgment in favor of Sheriff Podany and Anoka County is therefore appropriate.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that

1. Defendant's motion for dismissal [Docket No. 15] is denied;

2. Defendant's motion for summary judgment [Docket No. 15] is denied in part with regard to Deputy Larson and Deputy Longen, and granted in part with regard to Sheriff Podany and the County of Anoka.

Dated: June 18, 2002

David S. Doty, Judge
United States District Court